MARK R.S. FOSTER (SBN 223682)
mark.foster@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:     (650) 470-4500
Facsimile:     (650) 470-4570

PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:     (213) 687-5000
Facsimile:     (213) 687-5600

SUSAN L. SALTZSTEIN (*pro hac vice*)
susan.saltzstein@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:     (212) 735-3000
Facsimile:     (212) 735-2000

Attorneys for Defendants
FIVE9, INC., MICHAEL BURKLAND, and BARRY ZWARENSTEIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUCID ALTERNATIVE FUND, LP, | Case No. 5:24-cv-08725-PCP |
| Plaintiff, | **CLASS ACTION** |
| v. | **DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND [PROPOSED] ORDER [Civil L.R. 3-12]** |
| FIVE9, INC., MICHAEL BURKLAND, and BARRY ZWARENSTEIN, | |
| Defendants. | Judge: Hon. P. Casey Pitts |
| | Complaint filed: December 4, 2024 |

On March 18, 2025, a related case, *Tooryani v. Burkland et al.*, No. 4:25-cv-02640-KAW (N.D. Cal.) (the "Derivative Action"), was filed in this District.  Pursuant to Civil Local Rule 3-12, Defendants Five9, Inc. ("Five9"), Michael Burkland, and Barry Zwarenstein (collectively, "Defendants") hereby respectfully move the Court to issue an order designating the Derivative Action as related to this action.

## I.    APPLICABLE STANDARD UNDER CIVIL LOCAL RULE 3-12

"An action is related to another when:  (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L. R. 3-12(a).  Whenever a party knows or learns that an action filed in or removed to this District may be related to an action which is or was pending in this District, that party "must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11."  Civil L. R. 3-12(b).  The motion must include:  "(1) The title and case number of each apparently related case; (2) A brief statement of the relationship of the actions according to criteria set forth in Civil L.R. 3-12(a)."  Civil L. R. 3-12(d).

## II.    THE DERIVATIVE ACTION IS RELATED TO THIS ACTION

The Derivative Action was brought by a purported Five9 shareholder putatively on behalf of Five9.  The plaintiff in the Derivative Action identified that action as related to this action in the civil cover sheet filed with the complaint.  (*See Tooryani*, ECF No. 1-1.)

Five9 is named as a defendant in this action and as a nominal defendant in the Derivative Action.  Michael Burkland and Barry Zwarenstein are named as defendants in both actions.  The Derivative Action is brought against certain current and former officers and directors of Five9 and—like this action—alleges Defendants made false and misleading statements regarding Five9's net new business bookings and the strength of its customer base.  The Derivative Action asserts state-law claims for breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets, and seeks contribution from certain defendants under Sections 10(b) and 21D of the Securities Exchange Act of 1934.  All of the public statements challenged in this action

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED        CASE NO. 5:24-CV-08725-PCP

are also challenged in the Derivative Action. (*Compare* ECF No. 1 ¶¶ 23, 25-26, 28, 30, and 32, *with Tooryani*, ECF No. 1 ¶¶ 71-76.)

Given the overlap in parties and allegations, both actions raise similar legal, factual, and evidentiary issues. For example, both actions will likely require the Court to address, among other things, whether the plaintiffs adequately allege that certain statements were materially false and misleading when made, and whether those statements were made by the defendants with an intent to defraud. If the cases survive motions to dismiss, there is likely to be substantial overlap in other legal and factual matters. As such, conducting these cases before different judges in this District would likely result in an unduly burdensome duplication of labor and expense for the parties involved in each action, as well as the Court, and could also lead to conflicting results.

For the foregoing reasons, Defendants respectfully request that the Court designate the Derivative Action as related to this action.

Dated: March 26, 2025                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:    ___*/s/ Mark R.S. Foster*___
                    Mark R.S. Foster

Attorneys for Defendants
FIVE9, INC., MICHAEL BURKLAND, and BARRY ZWARENSTEIN

3

**[PROPOSED] ORDER DEEMING CASES RELATED**

Pursuant to Civil Local Rule 3-12, Defendants Five9, Inc., Michael Burkland, and Barry Zwarenstein filed an Administrative Motion to Consider Whether Cases Should Be Related, requesting that *Tooryani v. Burkland et al.*, No. 4:25-cv-02640-KAW (N.D. Cal.) (the "Derivative Action") be designated as related to this action.

Good cause having been shown, IT IS HEREBY ORDERED that the Derivative Action is related to this action.

DATED: _____April 1_____ , 2025

_____
HONORABLE P. CASEY PITTS
UNITED STATES DISTRICT JUDGE

---

4