MARK R.S. FOSTER (SBN 223682)
mark.foster@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:  (650) 470-4500
Facsimile:  (650) 470-4570

PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600

SUSAN L. SALTZSTEIN (*pro hac vice*)
susan.saltzstein@skadden.com
CHRISTOPHER R. FREDMONSKI (*pro hac vice*)
christopher.fredmonski@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

*Attorneys for Defendants*
FIVE9, INC., MICHAEL BURKLAND, and BARRY
 ZWARENSTEIN

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| LUCID ALTERNATIVE FUND, LP,<br><br>                        Plaintiff,<br><br>            v.<br><br>FIVE9, INC., MICHAEL BURKLAND, and BARRY ZWARENSTEIN<br><br>                        Defendants. | Case No. 5:24-cv-08725-PCP<br><br>**DEFENDANTS' ANSWER TO THE AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** |

i

Defendants Five9, Inc. ("Five9" or the "Company"), Michael Burkland, and Barry Zwarenstein (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit their Answer to the Amended Class Action Complaint For Violation of the Federal Securities Laws (ECF No. 36, the "AC") filed by Lead Plaintiff Lucid Alternative Fund, LP ("Plaintiff"). Defendants deny all of the AC's allegations unless expressly admitted herein.[1]

The first two non-numbered paragraphs of the AC reflect Plaintiff's characterization of its own allegations, and thus no response to those paragraphs is required. To the extent a response is required, Defendants deny the allegations in the first two non-numbered paragraphs of the AC. Defendants otherwise answer the allegations in the AC as follows:

## I.    NATURE OF ACTION

1.    Defendants deny the allegations in paragraph 1 of the AC.

2.    Defendants deny the allegations in paragraph 2 of the AC, except they admit the allegations in the first sentence in paragraph 2 of the AC, that Zoom Communications, Inc. targeted Five9 for an acquisition in 2021, and that the acquisition was never consummated. Defendants refer to Five9's earnings releases and Forms 10-K and 10-Q for their complete and accurate contents concerning Five9's revenue growth.

3.    Defendants deny the allegations in paragraph 3 of the AC, except they admit that Michael Burkland returned to Five9 as Chief Executive Officer in November 2022 and, during the Class Period, Dan Burkland served as President and Chief Revenue Officer of Five9, and Barry Zwarenstein served as Chief Financial Officer of Five9. Defendants refer to Five9's 2023 proxy statement for its complete and accurate contents regarding Michael Burkland's compensation.

4.    Defendants deny the allegations in paragraph 4 of the AC, except they admit that Matt Tuckness started working at Five9 prior to the alleged Class Period.

5.    Defendants deny the allegations in paragraph 5 of the AC.

6.    Defendants deny the allegations in paragraph 6 of the AC.

---

[1] The headings and subheadings in this Answer track those in the AC for reference only. The headings and subheadings do not contain factual allegations, and thus no response to those headings and subheadings is required. To the extent a response is required, Defendants deny the allegations in each and every heading and subheading of the AC, whether set off by roman numeral, letter, number, or otherwise.

1

7. Defendants deny the allegations in paragraph 7 of the AC.

8. Defendants deny the allegations in paragraph 8 of the AC.

9. Defendants deny the allegations in paragraph 9 of the AC.

10. Defendants deny the allegations in paragraph 10 of the AC, except they admit that Michael Burkland and Barry Zwarenstein spoke during Five9's quarterly earnings call in February 2024. Defendants refer to the transcript of that earnings call for its complete and accurate contents.

11. The Court dismissed Plaintiff's claims based on the allegations in paragraph 11 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 11 of the AC.

12. Defendants deny the allegations in paragraph 12 of the AC, except they admit that Michael Burkland and Barry Zwarenstein spoke at three industry conferences in June 2024: (i) the Robert W. Baird Global Consumer, Technology & Services Conference on June 4, 2024; (ii) the William Blair Growth Stock Conference on June 5, 2024; and (iii) the Rosenblatt Securities Technology Summit on June 12, 2024. Defendants refer to the transcripts from those conferences for their complete and accurate contents.

13. Defendants deny the allegations in paragraph 13 of the AC, except they admit that Five9 released its second quarter 2024 financial results on August 8, 2024, that Michael Burkland and Barry Zwarenstein spoke during Five9's quarterly earnings call that same day and announced, among other things, that Five9 was lowering its annual revenue guidance for 2024. Defendants refer to the transcript of that earnings call for its complete and accurate contents. Defendants also admit that Five9's common stock price closed at $42.47 per share and $31.22 per share on August 8 and 9, 2024, respectively.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the AC, and thus deny those allegations.

15. Defendants deny the allegations in paragraph 15 of the AC, except they admit that, as of the date of the AC, Barry Zwarenstein had retired from his role as Chief Financial Officer of Five9, Dan Burkland had transitioned from his role as President and Chief Revenue Officer to

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                                    Case No. 5:24-cv-08725-PCP

another position at Five9 before becoming a consultant to the Company, and Matt Tuckness remains at Five9.

## II.    JURISDICTION AND VENUE

16.    The allegations in paragraph 16 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 16 of the AC, except they admit that the AC purports to assert claims for violations of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)).

17.    The allegations in paragraph 17 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 17 of the AC.

18.    The allegations in paragraph 18 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 18 of the AC, except they admit that Five9 is headquartered in this District.

19.    The allegations in paragraph 19 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 19 of the AC.

## III.    PARTIES

**A.    Lead Plaintiff**

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purchases of Five9 securities, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 20 of the AC, except they admit that Lead Plaintiff is Lucid Alternative Fund, LP.

**B.    Defendants**

21.    Defendants admit the allegations in paragraph 21.

22.    Defendants deny the allegations in paragraph 22 of the AC, except they admit the allegations in the first four sentences of paragraph 22 of the AC, but deny that Michael Burkland is still Five9's CEO. Defendants further admit that Michael Burkland signed Five9's Forms 10-K and 10-Q in 2024.

23. Defendants deny the allegations in paragraph 23 of the AC, except they admit the allegations in the first three sentences of paragraph 23 of the AC and that Barry Zwarenstein signed Five9's Forms 10-K and 10-Q in 2024.

24. The first sentence of paragraph 24 of the AC contains no factual allegations, and thus no response is required. The remainder of paragraph 24 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 24 of the AC.

## IV.    FACTUAL ALLEGATIONS

### A.    Five9 Background

25. Defendants admit the allegations in paragraph 25 of the AC.

26. Defendants deny the allegations in paragraph 26 of the AC, except they admit that Mike Burkland became Five9's CEO in January 2008 and the allegations in the second and third sentences in paragraph 26 of the AC.

27. Defendants refer to Five9's earnings releases and Forms 10-K and 10-Q for their complete and accurate contents concerning Five9's revenue growth. Defendants also refer to Five9's publicly available stock price information for complete and accurate information concerning Five9's historical stock prices. Defendants otherwise deny the allegations in paragraph 27 of the AC.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of paragraph 28 of the AC, and thus deny those allegations. Defendants refer to Five9's earnings releases and Forms 10-K and 10-Q for their complete and accurate contents concerning Five9's revenue growth. Defendants also refer to Five9's publicly available stock price information for complete and accurate information concerning Five9's historical stock prices. Defendants otherwise deny the allegations in paragraph 28 of the AC.

29. Defendants refer to Five9's earnings releases and Forms 10-K and 10-Q for their complete and accurate contents concerning Five9's revenue growth. Defendants otherwise deny the allegations in paragraph 29 of the AC.

**B.   November 2022: Mike Burkland Returns as CEO and Exacerbates Revenue Growth Slide**

30.   Defendants refer to Five9's earnings releases and Forms 10-K and 10-Q for their complete and accurate contents concerning Five9's revenue growth. Defendants otherwise deny the allegations in paragraph 30 of the AC, except they admit that Micharl Burkland returned as CEO of Five9 on November 28, 2022.

### 1.   Before the Start of the Class Period, Mike Burkland Promotes Unqualified Family Connections to Serve in Senior Positions

31.   Defendants deny the allegations in paragraph 31 of the AC, except they admit that Dan Burkland is Michael Burkland's brother and that he was Five9's President and CRO when Michael Burkland returned as CEO of Five9 on November 28, 2022, that Michael Burkland has a son named Tyler Burkland and that Tyler Burkland worked at Five9 while Michael Burkland was CEO, that Michael Burkland is married to Kathy Burkland, and that Five9 never employed Kathy Burkland.

32.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the AC that are attributed to confidential purported former employees, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 32 of the AC, except they admit that Matt Tuckness and Kevin Tuckness both worked at Five9.

33.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the AC that are attributed to confidential purported former employees, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 33 of the AC.

34.   Defendants deny the allegations in the first sentence of paragraph 34. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations.

### 2.   Five9's AI Products Lagged Competitors

35.   The Court dismissed Plaintiff's claims based on the allegations in paragraph 35 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required,

5

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                    Case No. 5:24-cv-08725-PCP

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the AC that are attributed to confidential purported former employees, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 35 of the AC, except they admit that Michael Burkland became CEO of Five9 in 2022.

36.     The Court dismissed Plaintiff's claims based on the allegations in paragraph 36 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the AC that are attributed to confidential purported former employees, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 36 of the AC, except they admit that Gen AI Studio is a product of Five9.

37.     The Court dismissed Plaintiff's claims based on the allegations in paragraph 37 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the AC that are attributed to confidential purported former employees, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 37 of the AC.

38.     The Court dismissed Plaintiff's claims based on the allegations in paragraph 38 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the AC that are attributed to confidential purported former employees, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 38 of the AC.

**C.    Before and Throughout the Class Period, Defendants Are Told Revenue Has Fallen Significantly Behind Target**

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the AC that are attributed to confidential purported former employees, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 39 of the AC.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the AC that are attributed to a confidential purported former

6

employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 40 in the AC.

41.     Defendants deny the allegations in paragraph 41 of the AC.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 42 of the AC.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the AC that are attributed to confidential purported former employees, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 43 of the AC.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the AC that are attributed to confidential purported former employees, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 44 of the AC.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 45 of the AC.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the AC that are attributed to confidential purported former employees, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 46 of the AC, except they admit that Five9 used a "Clari" tool that was connected to Five9's Salesforce system.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the AC that are attributed to confidential purported former employees, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 47 of the AC.

7

**D.    Defendants Resort to Desperate Tactics to Conceal Their Failures and Artificially Prop Up Revenue**

48.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 48 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 48 of the AC.

49.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 49 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 49 of the AC.

50.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 50 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 50 of the AC.

**1.    Five9 Sneaks Additional Charges onto Customer Invoices in Breach of Customer Contracts**

51.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 51 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 51 of the AC.

52.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 52 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 52 of the AC.

53.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 53 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 53 of the AC.

54.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 54 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations

in paragraph 54 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 54 of the AC.

**2.    Five9 "Re-Interprets" Customer Contracts to Forbid Seat Reductions, Leading to Loss of Customer Loyalty and Long-Term Revenue Loss**

55.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 55 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 55 of the AC.

56.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 56 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 56 of the AC.

**3.    Executives Instructed Salespeople to Secure Clients by Promising Capabilities That Five9 Does Not Have**

57.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 57 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the AC that are attributed to confidential purported former employees, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 57 of the AC.

58.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 58 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 58 of the AC.

59.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 59 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required,

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 that are attributed to confidential purported former employees, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 59 of the AC.

60.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 60 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 that are attributed to confidential purported former employees, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 60 of the AC.

**E.    Defendants Knowingly Misrepresent Sales Growth to Protect Burkland and His Friends and Family**

61.    Defendants deny the allegations in paragraph 61 of the AC.

**1.    February 21, 2024: Defendants Knowingly Issue False Revenue Guidance for 2024**

62.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 62, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 62 of the AC, except they admit that Barry Zwarenstein spoke during Five9's quarterly earnings call on February 21, 2024. Defendants refer to the transcript of that earnings call for its complete and accurate contents. Defendants also refer to Five9's Forms 10-K, earnings releases, and earnings call transcripts for their complete and accurate contents regarding Five9's annual revenue guidance and reported year-end revenue growth.

63.    Defendants deny the allegations in paragraph 63 of the AC.

64.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 64 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 64 of the AC.

65.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 65 of the AC.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                    Case No. 5:24-cv-08725-PCP

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the AC concerning third-party analysts, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 66 of the AC, except they admit that Five9 reported its Q1 2024 results on May 2, 2024, and that Barry Zwarenstein spoke during Five9's quarterly earnings call that same day. Defendants refer to Five9's Q1 2024 Form 10-Q and the transcript of the May 2, 2024 earnings call for their complete and accurate contents.

**2.     June 2024: Defendants Further Misrepresent Five9's Business and Revenue at Analyst Conferences**

67.     Defendants admit the allegations in paragraph 67 of the AC.

68.     Defendants deny the allegations in paragraph 68 of the AC, except they admit that Dan Burkland attended the Robert W. Baird Global Consumer, Technology & Services Conference on June 4, 2024.

69.     Defendants deny the allegations in paragraph 69 of the AC, except they admit that Barry Zwarenstein spoke at the Robert W. Baird Global Consumer, Technology & Services Conference on June 4, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

70.     Defendants deny the allegations in paragraph 70 of the AC, except they admit that Michael Burkland spoke at the Robert W. Baird Global Consumer, Technology & Services Conference on June 4, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

71.     Defendants deny the allegations in paragraph 71 of the AC, except they admit that Barry Zwarenstein spoke at the Robert W. Baird Global Consumer, Technology & Services Conference on June 4, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

72.     Defendants deny the allegations in paragraph 72 of the AC, except they admit that Michael Burkland and Barry Zwarenstein spoke at the William Blair conference on June 5, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

11

73. Defendants deny the allegations in paragraph 73 of the AC, except they admit that they attended the Rosenblatt Securities Technology Summit on June 12, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

74. Defendants deny the allegations in paragraph 74 of the AC.

**F.    The Truth Is Revealed**

75. Defendants deny the allegations in paragraph 75 of the AC, except they admit that Five9 released its second quarter 2024 financial results and reduced its revenue guidance on August 8, 2024. Defendants refer to the August 8, 2024 earnings release for its complete and accurate contents.

76. Defendants deny the allegations in paragraph 76 of the AC, except they admit that Dan Burkland and Barry Zwarenstein spoke during the earnings call on August 8, 2024. Defendants refer to the transcript of that earnings call for its complete and accurate contents.

77. Defendants deny the allegations in paragraph 77 of the AC, except they admit that Five9's common stock price closed at $42.47 per share and $31.22 per share on August 8 and 9, 2024, respectively.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the AC, and thus deny those allegations.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the AC, and thus deny those allegations.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the AC, and thus deny those allegations.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the AC, and thus deny those allegations.

**G.    Post-Class Period**

82. Defendants deny the allegations in paragraph 82, except they admit that Five9's stock price traded below $27 per share at the close of trading on May 30, 2025.

83. Defendants deny the allegations in Paragraph 83 of the AC, except they admit the allegations in the first sentence of paragraph 83 of the AC.

12

84. Defendants deny the allegations in paragraph 84 of the AC.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the AC, and thus deny those allegations.

86. Defendants deny the allegations in paragraph 86, except they admit that Five9 announced Dan Burkland's transition from President and CRO to Executive Vice President, Go-to-Market Strategy on November 7, 2024, and that Five9 announced that Dan Burkland would transition from the role of Executive Vice President, Go-to-Market Strategy to a consultant to Five9 on February 7, 2025.

87. Defendants deny the allegations in paragraph 87, except they admit that Five9 announced Barry Zwarenstein's anticipated March 31, 2025 retirement on February 20, 2025, and that Bryan Lee was appointed as interim Chief Financial Officer effective April 1, 2025.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the AC concerning third-party analysts, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 88 of the AC.

## V.    FORMER EMPLOYEE ALLEGATIONS

89. Defendants lack knowledge or information to form a belief as to the truth of the allegations in paragraph 89 of the AC, and thus deny those allegations.

### A.    Former Employee 1: Senior Vice President of Customer Success

90. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the AC, and thus deny those allegations.

#### 1.    Mike Burkland Restructured Five9's Sales Department to Hire Matt Tuckness, and Promoted His Friends and Family to Senior Positions

91. Defendants deny the allegations in paragraph 91 of the AC, except they admit that Five9 hired Matt Tuckness in December 2023.

92. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 92 of the AC, except they admit that Matt Tuckness had previously worked in sales at Five9 before returning to the Company in December 2023.

13

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT        Case No. 5:24-cv-08725-PCP

93. Defendants deny the allegations in paragraph 93 of the AC, except they admit that Chase Lampley worked as a chief of staff for Michael Burkland at Five9.

94. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 94 of the AC, except they admit that Five9 never employed Kathy Burkland.

**2.    At Weekly E-Staff Meetings, the Individual Defendants Were Told That Revenue Had Stagnated, the Company Had Significantly Fallen Behind Revenue Targets, and the Company Could Not Meet Its 2024 Revenue Target**

95. Defendants deny the allegations in paragraph 95 of the AC.

96. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 96 of the AC.

97. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 97 of the AC.

98. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 98 of the AC.

99. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 99 of the AC.

100. Defendants deny the allegations in paragraph 100 of the AC.

101. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the AC that are attributed to a confidential purported former

employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 101 of the AC.

102.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 102 of the AC.

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the AC, and thus deny those allegations.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 104 of the AC.

**3.    Many Five9 Bookings Were the Result of Artificial Sales**

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the AC that concern unspecified "E-Staff attendees," and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 105 of the AC, except they admit that Michael Burkland's and Barry Zwarenstein's offices were near one another at the Five9 headquarters building.

106.    Defendants deny the allegations in paragraph 106 of the AC.

**4.    Five9 Resorts to Desperate Revenue-Boosting Tactics and "Re-Interprets" Customer Contracts to Forbid Seat Reductions**

107.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the AC that are attributed to a confidential purported former employee or which concern the "business environments" in which unspecified Five9 customers purportedly operate, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 107 of the AC.

108.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 108 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the

15

allegations in paragraph 108 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 108 of the AC.

109.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 109 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the AC that concern what unspecified Five9 customers "understood," and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 109 of the AC.

**5.    Five9's AI Products Were Not Competitive and Customers Rejected Five9's Ploy to Push These AI Products**

110.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 110 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 110 of the AC.

111.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 111 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required,  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 111 of the AC, except they admit that  Five9's Intelligent Virtual Agent was often called "IVA."

**B.    Former Employee 2: Five9 Business Development Manager**

112.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the AC, and thus deny those allegations.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                    Case No. 5:24-cv-08725-PCP

**1.    Five9 Experienced Significantly Lower Sales in Q1 2024, Which Defendants Discussed at Regular Internal Meetings**

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 113 of the AC.

114.    Defendants deny the allegations in paragraph 114 of the AC.

115.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 115 of the AC.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 116 of the AC.

117.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 117 of the AC.

**2.    Macro Factors Were a Significant Reason for Declining New Business in 2024**

118.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 118 of the AC.

**3.    Five9 Experienced Cancellations or De-Bookings Because It Sold Products and Capabilities That Five9 Did Not Possess**

119.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 119 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the

17

allegations in paragraph 119 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 119 of the AC.

120.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 120 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 120 of the AC.

121.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 121 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 121 of the AC.

122.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 122 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 122 of the AC.

**4.    Five9 Executives Promised to Hire More Engineers to Fix the Implementation Issues but Instead Terminated Engineers**

123.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the AC concerning FE-2's purported attendance at the Sales Kickoff Meeting, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 123 of the AC, except they admit that Five9 held a Sales Kickoff Meeting in Las Vegas, Nevada, in February 2024, and that the Sales Kickoff Meeting was attended by Michael Burkland, Dan Burkland, Panos Kozanian, and other Five9 personnel.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                      Case No. 5:24-cv-08725-PCP

## C.    Former Employee 3: Five9 Account Manager

124.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the AC, and thus deny those allegations.

### 1.    In 2024, Five9's Deficient AI Offerings Led to Poor Logo Retention

125.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 125 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the AC that are attributed to a confidential purported former employee or that concern whether customers looked at other AI products, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 125 of the AC.

126.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 126 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the AC that are attributed to a confidential purported former employee or that concern why customers took certain actions, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 126 of the AC.

## D.    Former Employee 4: Five9 Director of Solutions Consulting

127.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the AC, and thus deny those allegations.

### 1.    Prior to June 2024, There Was a Significant Downturn in Bookings and Revenue and Five9 Admitted Internally It Would Not Hit Its Revenue Target

128.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 128 of the AC.

129.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 129 of the AC.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                    Case No. 5:24-cv-08725-PCP

130.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 130 of the AC.

131.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 131 of the AC, except they admit that Matt Tuckness was hired back to Five9 in December 2023.

**2.    Internally, It Was Known That Five9 Would Not Hit Its 2024 Revenue Target**

132.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 132 of the AC.

133.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the AC that are attributed to a confidential purported former employee or that concern the source of the data that Ari Klionsky purportedly presented at unspecified Weekly All Hands Meetings, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 133 of the AC.

**3.    Implementation Delays and De-Bookings**

134.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 134 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 134 of the AC.

135.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 135 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 135 of the AC.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                    Case No. 5:24-cv-08725-PCP

136. The Court dismissed Plaintiff's claims based on the allegations in paragraph 136 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 136 of the AC.

**E.    Former Employee 5: Five9 Director of Solutions Consulting**

137. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the AC, and thus deny those allegations.

**1.    Weekly All Hands Meetings**

138. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 138 of the AC.

139. Defendants deny the allegations in paragraph 139 of the AC.

140. Defendants deny the allegations in paragraph 140 of the AC.

141. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 141 of the AC.

**2.    Quarterly Town Hall**

142. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 142 of the AC, except they admit that Five9 held Quarterly Town Hall meetings and that Michael Burkland and Barry Zwarenstein attended those meetings during the alleged Class Period

143. Defendants deny the allegations in paragraph 143 of the AC, except they admit that Michael Burkland attended the Quarterly Town Hall following Five9's Q1 2024 earnings call.

**3.    Salesforce**

144. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the AC that are attributed to a confidential purported former

employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 144 of the AC, except they admit that Five9 used Salesforce.

### a.     Clari and "Snap the Chalk" Updates

145.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 145 of the AC.

146.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 146 of the AC, except they admit that Five9 used a "Clari" tool that was connected to Five9's Salesforce system.

147.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 147 of the AC.

### b.     Dan's Dashboard

148.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 148 of the AC, except they admit that Dan Burkland maintained a Salesforce dashboard during the alleged Class Period.

149.    Defendants deny the allegations in paragraph 149 of the AC.

### c.     Year-over-year Retention Reports

150.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 150 of the AC.

151.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 151 of the AC.

### 4.    Mike and Kathy Burkland's Nepotism Exacerbated Five9's Poor Performance

152.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 152 of the AC.

153.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 153 of the AC, except they admit that Five9 never employed Kathy Burkland.

154.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the AC that are attributed to a confidential purported former employee or that concern Matt Tuckness's personal relationships or what was "widely understood" or "known" by others at Five9, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 154 of the AC, except they admit that Michael Burkland's son, Tyler Burkland, was hired by Five9 in 2024, that Matt Tuckness was hired by Five9 in December 2023 and promoted multiple times in 2024, and that Kyle Shandera, Max Saravia, Josh Biers and Cori Biers were employed by Five9 during the alleged Class Period

### 5.    Five9's AI Product Lagged Competitors and Disappointed Customers

155.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 155 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 155 of the AC.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT    Case No. 5:24-cv-08725-PCP

**F.      Former Employee 6: Five9 Senior Financial Analyst**

156.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the AC, and thus deny those allegations.

**1.      Emergency Retroactive Budget Cuts**

157.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 157 of the AC, except they admit that Michael Burkland and Barry Zwarenstein reviewed Five9's 2024 budget.

158.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 158 of the AC.

**2.      2024 Hiring Freeze**

159.    Defendants deny the allegations in paragraph 159 of the AC.

**3.      Bookings File Regularly Presented to the Individual Defendants**

160.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 160 of the AC.

161.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 161 of the AC.

162.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 of the AC, and thus deny those allegations.

163.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 of the AC that are attributed to a confidential purported former

employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 163 of the AC.

### 4. Monthly LTM Report to CFO Zwarenstein

164. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 164 of the AC.

165. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 165 of the AC.

166. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 166 of the AC.

### 5. In-Office Contact with Mike Burkland and Barry Zwarenstein

167. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 167 of the AC, except they admit the allegations in the first and fourth sentences of paragraph 167 of the AC, that Michael Burkland's and Barry Zwarenstein's offices were next to each other, and that Ari Klionsky's and Bryan Lee's offices were next to each other.

### G. Former Employee 7: Five9 Director of Enterprise Sales

168. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 of the AC, and thus deny those allegations.

### 1. Five9 Had Very Weak Net New Business Due to Macro Conditions and This Was Reported to Five9 Management in Salesforce

169. Defendants deny the allegations in paragraph 169 of the AC.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                    Case No. 5:24-cv-08725-PCP

170.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 170 of the AC.

171.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 of the AC that are attributed to a confidential purported former employee or that concern what Doug Dopita and other unspecified "senior leadership" may have been "aware of," and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 171 of the AC.

172.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 of the AC that concern what Tim Walsh might have relied on, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 172 of the AC, except they admit that Five9 used Salesforce.

**H.      Former Employee 8: Five9 Enterprise Account Manager**

173.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 of the AC, and thus deny those allegations.

174.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 174 of the AC.

**1.      In 2024, Sales Had Deteriorated and Five9 Resorted to Desperate Schemes to Generate Revenue**

175.    Defendants deny the allegations in paragraph 175 of the AC.

176.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 176 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 176 of the AC.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                Case No. 5:24-cv-08725-PCP

177. The Court dismissed Plaintiff's claims based on the allegations in paragraph 177 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the AC that are attributed to a confidential purported former employee or that concern what customers knew or did with respect to their contracts or invoices, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 177 of the AC.

178. The Court dismissed Plaintiff's claims based on the allegations in paragraph 178 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 178 of the AC.

179. The Court dismissed Plaintiff's claims based on the allegations in paragraph 179 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 179 of the AC.

180. The Court dismissed Plaintiff's claims based on the allegations in paragraph 180 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 180 of the AC.

181. The Court dismissed Plaintiff's claims based on the allegations in paragraph 181 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 181 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 181 of the AC.

182.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 182 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 182 of the AC.

## I.    Former Employee 9: Five9 AI Subject Matter Expert Consultant

183.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 of the AC, and thus deny those allegations.

### 1.    Five9 Had an Inferior AI Product That Lacked Basic Capabilities

184.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 184 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 184 of the AC, except they admit that, during the alleged Class Period, Minh Bui was a Senior Director of Product Management – AI & Automation and Jonathan Rosenberg was Five9's Chief Technology Officer.

185.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 185 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 185 of the AC.

186. The Court dismissed Plaintiff's claims based on the allegations in paragraph 186 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 186 of the AC.

187. The Court dismissed Plaintiff's claims based on the allegations in paragraph 187 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 187 of the AC.

188. The Court dismissed Plaintiff's claims based on the allegations in paragraph 188 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 188 of the AC.

189. The Court dismissed Plaintiff's claims based on the allegations in paragraph 189 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 of the AC that concern FedEx's AI product preferences, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 189 of the AC.

## VI. FALSE AND MISLEADING STATEMENTS AND OMISSIONS

190. The Court dismissed Plaintiff's claims based on the allegations in subparagraphs b) and c) of paragraph 190 of the AC (*see* ECF No. 58 at 15-18), and thus no response is required. To the extent a response is required, Defendants deny the allegations in subparagraphs b) and c) of paragraph 190 of the AC. Defendants otherwise deny the allegations in paragraph 190 of the AC.

191. The Court dismissed Plaintiff's claims based on the allegations in subparagraphs b), c), and d) of paragraph 191 of the AC (*see* ECF No. 58 at 14-18), and thus no response is required. To the extent a response is required, Defendants deny the allegations in subparagraphs b), c), and d)

of paragraph 191 of the AC, and Defendants otherwise deny the allegations in paragraph 191 of the AC.

## A. False and Misleading Statements and Omissions Regarding Five9's Deteriorating Revenue Growth

### 1. February 21, 2024 Q4 2023 Earnings Call

192. The Court dismissed Plaintiff's claims based on the allegations in paragraph 192 of the AC (*see* ECF No. 58 at 5-8), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 192 of the AC, except they admit that Barry Zwarenstein spoke during Five9's Q4 2023 earnings call on February 21, 2024. Defendants refer to the transcript of the Q4 2023 earnings call for its complete and accurate contents.

193. The Court dismissed Plaintiff's claims based on the allegations in paragraph 193 of the AC (*see* ECF No. 58 at 5-8, 14-17), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 193 of the AC.

194. The Court dismissed Plaintiff's claims based on the allegations in paragraph 194 of the AC (ECF No. 58 at 5-8, 14-15), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 194 of the AC, except they admit that Michael Burkland and Barry Zwarenstein spoke and analysts asked questions during Five9's Q4 2023 earnings call on February 21, 2024. Defendants refer to the transcript of the Q4 2023 earnings call for its complete and accurate contents.

### 2. June 4, 2024 Robert W. Baird Global Consumer, Technology & Services Conference

195. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 of the AC that are attributed to confidential purported former employees, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 195 of the AC, except they admit that Barry Zwarenstein spoke and analysts asked questions at the Robert W. Baird Global Consumer, Technology & Services Conference on June 4, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

196. The Court dismissed Plaintiff's claims based on the statements alleged in paragraph 196 of the AC that Five9 was "knocking down some of the largest enterprise deals" and "the market's

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT    Case No. 5:24-cv-08725-PCP

coming to us" (ECF No. 58 at 11-12) and based on alleged deceptive sales practices (*see id.* at 14-15), and thus no response is required to those allegations. To the extent a response is required, Defendants deny those allegations. Defendants otherwise deny the allegations in paragraph 196 of the AC, except they admit that Michael Burkland spoke and analysts asked questions at the Robert W. Baird Global Consumer, Technology & Services Conference on June 4, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

197. The Court dismissed Plaintiff's claims based on the statement alleged in paragraph 197 of the AC that "[W]e've been seeing strong business, major orders, really big ones that are sitting in our backlog" (ECF No. 58 at 11-12) and based on the alleged deceptive sales practices (*see id.* at 14-15), and thus no response is required to those allegations. To the extent a response is required, Defendants deny those allegations. Defendants otherwise deny the allegations in paragraph 197 of the AC, except they admit that Barry Zwarenstein spoke at the Robert W. Baird Global Consumer, Technology & Services Conference on June 4, 2024. Defendants refer to the transcript of that conference for its complete contents.

### 3. June 5, 2024 William Blair Growth Stock Conference

198. The Court dismissed Plaintiff's claims based on the statement alleged in paragraph 198 of the AC that "we keep making records" "quarter after quarter after quarter" on net new bookings (ECF No. 58 at 11-12) and based on the alleged deceptive sales practices (*see id.* at 14-15), and thus no response is required to those allegations. To the extent a response is required, Defendants deny those allegations. Defendants otherwise deny the allegations in paragraph 198 of the AC, except they admit that Michael Burkland spoke and analysts asked questions at the William Blair Growth Stock Conference on June 5, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

199. The Court dismissed Plaintiff's claims based on the statement alleged in paragraph 199 of the AC that "we can go as fast as [customers] can go" (ECF No. 58 at 15) and based on the alleged deceptive sales practices (*see id.* at 14-15), and thus no response is required to those allegations. To the extent a response is required, Defendants deny those allegations. Defendants otherwise deny the allegations in paragraph 199 of the AC, except they admit that Michael Burkland

31

spoke and analysts asked questions at the William Blair Growth Stock Conference on June 5, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

200.    The Court dismissed Plaintiff's claims based on the statement alleged in paragraph 200 of the AC that "Our logo retention has been very strong" (ECF No. 58 at 11-12) and based on the alleged deceptive sales practices and Five9's AI capabilities, and thus no response is required to those allegations. To the extent a response is required, Defendants deny those allegations. Defendants otherwise deny the allegations in paragraph 200 of the AC, except they admit that Barry Zwarenstein spoke and analysts asked questions at the William Blair Growth Stock Conference on June 5, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

### 4.    June 12, 2024 Rosenblatt Securities Technology Summit

201.    The Court dismissed Plaintiff's claims based on the statement alleged in paragraph 201 of the AC that "[w]e're closing a lot more" opportunities "in the middle of that bell curve" and "we still do very well in SMB and commercial" (ECF No. 58 at 11-12) and based on the alleged deceptive sales practices (*see id.* at 14-15), and thus no response is required to those allegations. To the extent a response is required, Defendants deny those allegations. Defendants otherwise deny the allegations in paragraph 201 of the AC, except they admit that that Michael Burkland spoke and analysts asked questions at the Rosenblatt Securities Technology Summit on June 12, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

### B.    False and Misleading Statements and Omissions Regarding Five9's AI Products and Capabilities

### 1.    June 5, 2024 William Blair Growth Stock Conference

202.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 202 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as the to the truth of the allegations in paragraph 202 of the AC that attributed to a purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 202 of the AC, except they admit that Michael Burkland spoke and analysts asked questions at the William Blair Growth Stock Conference on June 5, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                    Case No. 5:24-cv-08725-PCP

**2.      June 12, 2024 Rosenblatt Securities Technology Summit**

203.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 203 of the AC (ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203 of the AC that attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 203 of the AC, except they admit that that Michael Burkland spoke and analysts asked questions at the Rosenblatt Securities Technology Summit on June 12, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

204.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 204 of the AC (ECF No. 58 at 15-17), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 204 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 204 of the AC, except they admit that Michael Burkland spoke and analysts asked questions at the Rosenblatt Securities Technology Summit on June 12, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

**C.      Five9's False and Misleading Risk Disclosures**

205.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 205 of the AC (ECF No. 58 at 17-18), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 205 of the AC, except they admit the allegations in the first two sentences in paragraph 205 of the AC. Defendants refer to Five9's Forms 10-K and 10-Q for their complete and accurate contents.

206.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 206 of the AC (ECF No. 58 at 17-18), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 206 of the AC,  except they admit that they filed a Form 10-K and Form 10-Q on February 21 and May 2, 2024, respectively. Defendants refer to Five9's Forms 10-K and 10-Q for their complete and accurate contents.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                    Case No. 5:24-cv-08725-PCP

207. The Court dismissed Plaintiff's claims based on the allegations in paragraph 207 of the AC (ECF No. 58 at 17-18), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207 of the AC that are attributed to confidential purported former employees, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 207 of the AC.

208. The Court dismissed Plaintiff's claims based on the allegations in paragraph 208 of the AC (ECF No. 58 at 17-18), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 208 of the AC, except they admit that they filed a Form 10-K and Form 10-Q on February 21 and May 2, 2024 respectively. Defendants refer to Five9's Forms 10-K and 10-Q for their complete and accurate contents.

209. The Court dismissed Plaintiff's claims based on the allegations in paragraph 209 of the AC (ECF No. 58 at 17-18), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 209 of the AC, except they admit that Five9 held its Q4 2023 earnings call on February 21, 2024. Defendants refer to the transcript of that earnings call for its complete and accurate contents.

210. The Court dismissed Plaintiff's claims based on the allegations in paragraph 210 of the AC (ECF No. 58 at 17-18), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210 of the AC that are attributed to confidential purported former employees, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 210 of the AC.

211. The Court dismissed Plaintiff's claims based on the allegations in paragraph 211 of the AC (ECF No. 58 at 17-18), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 211 of the AC, except they admit that Barry Zwarenstein spoke at the Robert W. Baird Global Consumer, Technology & Services Conference on June 4, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

212. The Court dismissed Plaintiff's claims based on the allegations in paragraph 212 of the AC (ECF No. 58 at 17-18), and thus no response is required. To the extent a response is required,

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT    Case No. 5:24-cv-08725-PCP

Defendants deny the allegations in paragraph 212 of the AC, except they admit that Barry Zwarenstein spoke at the William Blair Growth Stock Conference on June 5, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

213.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 213 of the AC (ECF No. 58 at 17-18), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 213 of the AC, except they admit that Barry Zwarenstein spoke at the Rosenblatt Securities Technology Summit on June 12, 2024. Defendants refer to the transcript of that conference for its complete and accurate contents.

214.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 214 of the AC (ECF No. 58 at 15-18), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 214 of the AC.

## VII.    ADDITIONAL ALLEGATIONS OF SCIENTER

215.    Defendants deny the allegations in paragraph 215 of the AC.

**A.    Regular Internal Meetings During Which Five9's Revenue Shortfall, Macroeconomic Headwinds, AI Product Failures, and Desperate and Dishonest Sales Tactics Were Routinely Discussed Support a Strong Inference of Scienter**

216.    Defendants deny the allegations in paragraph 216 of the AC.

**1.    E-Staff Meetings**

217.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 217 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 217.

**2.    QBR Meetings**

218.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 218 of the AC.

### 3.    Weekly All Hands Meetings

219.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 219 of the AC that are attributed to confidential purported former employees, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 219 of the AC.

**B.    The Individual Defendants' Continuous Access to Salesforce Data and Receipt of Regular Reports That Reflected Five9's Revenue Shortfall, Macroeconomic Headwinds, Customer Loss, Underperforming Bookings, and AI Product Failures Further Supports a Strong Inference of Scienter**

220.    Defendants deny the allegations in paragraph 220 of the AC.

### 1.    Salesforce

221.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 221 of the AC that are attributed to confidential purported former employees, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 221 of the AC, except they admit that Five9 used Salesforce.

222.    Defendants deny the allegations in paragraph 222 of the AC, except they admit that Michael Burkland spoke during Five9's Q1 2024 earnings call on May 2, 2024. Defendants refer to the transcript of that earnings call for its complete and accurate contents.

### 2.    Regular Internal Reports

223.     Defendants deny the allegations in paragraph 223 of the AC.

#### a.    Bookings File

224.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 224 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 224 of the AC.

225.    Defendants deny the allegations in paragraph 225 of the AC.

#### b.    Monthly LTM Report

226.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 226 of the AC that are attributed to a confidential purported former

employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 226 of the AC.

227.    Defendants deny the allegations in paragraph 227 of the AC.

### c.    Clari and Snap the Chalk Updates

228.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228 of the AC that are attributed to confidential purported former employees, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 228 of the AC, except they admit that Five9 used a "Clari" tool that was connected to Five9's Salesforce system.

229.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 229 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 229 of the AC.

### d.    Dan's Dashboard

230.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 230 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 230 of the AC, except they admit that Dan Burkland maintained a Salesforce dashboard during the alleged Class Period.

**C.    Defendants' Deceptive Sales Tactics to Generate Revenue Because They Knew They Would Not Meet Revenue Guidance Further Supports a Strong Inference of Scienter**

231.    The Court dismissed Plaintiff's claims based on the allegations in paragraph 231 of the AC (*see* ECF No. 58 at 14-15), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 231 of the AC.

**D.    The Burklands' Motivation to Protect Nepotistic Hiring and Promotions Further Supports a Strong Inference of Scienter**

232.    The Court rejected the allegations in paragraph 232 of the AC as "speculative and not pleaded with particularity" (ECF No. 58 at 22-23), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 232 of the AC, except they admit

37

that Michael Burkland's son, Tyler Burkland, Matt Tuckness, and Kevin Tuckness worked at Five9 during the alleged Class Period.

**E.    Defendants' Motivation to Artificially Inflate the Value of Defendants' Holdings For a Potential Acquisition Further Supports a Strong Inference of Scienter.**

233.    The Court rejected the allegations in paragraph 233 of the AC as "speculative and not pleaded with particularity" (ECF No. 58 at 22-23), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 233 of the AC, except they admit that Michael Burkland voted to sell Five9 to Zoom Communications, Inc. in 2021 and that the acquisition was never consummated. Defendants refer to Five9's earnings releases and Forms 10-K and 10-Q for their complete and accurate contents concerning Five9's revenue growth.

234.    The Court rejected the allegations in paragraph 234 of the AC as "speculative and not pleaded with particularity" (ECF No. 58 at 22-23), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 234 of the AC, except they admit that Michael Burkland returned as CEO of Five9 in November 2022. Defendants refer to Five9's 2023 proxy statement for its complete and accurate contents regarding Michael Burkland's compensation.

235.     The Court rejected the allegations in paragraph 235 of the AC as "speculative and not pleaded with particularity" (ECF No. 58 at 22-23), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 235 of the AC concerning what was "reported" by third parties about the Company, and thus deny those allegations, and Defendants otherwise deny the allegations in paragraph 235 of the AC.

236.    The Court rejected the allegations in paragraph 236 of the AC as "speculative and not pleaded with particularity" (ECF No. 58 at 22-23), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 236 of the AC. Defendants refer to Five9's 2024 proxy statement for its complete and accurate contents regarding the stock allegedly held by Michael Burkland, his family trust, and Dan Burkland in "early 2024."

237.    The Court rejected the allegations in paragraph 237 of the AC as "speculative and not pleaded with particularity" (ECF No. 58 at 22-23), and thus no response is required. To the extent a

38

response is required, Defendants deny the allegations in paragraph 237 of the AC, except they admit the allegations in the second sentence of paragraph 237 of the AC.

238.    The Court rejected the allegations in paragraph 238 of the AC as "speculative and not pleaded with particularity" (ECF No. 58 at 22-23), and thus no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 238, and thus deny those allegations.

239.    The Court rejected the allegations in paragraph 239 of the AC as "speculative and not pleaded with particularity" (ECF No. 58 at 22-23), and thus no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 239 of the AC.

**F.    Emergency Retroactive Budget Cuts, Stealth Layoffs, a Hiring Freeze, and Aggressive Cost Cutting Further Supports a Strong Inference of Scienter.**

240.    Defendants deny the allegations in paragraph 240 of the AC.

241.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 241 of the AC that are attributed to a confidential purported former employee, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 241 of the AC.

**G.    Officer Terminations and Sales Restructuring Further Supports a Strong Inference of Scienter**

242.    Defendants deny the allegations in paragraph 242 of the AC, except they admit that Five9 announced Dan Burkland's transition from President and CRO to Executive Vice President, Go-to-Market Strategy on November 7, 2024, and that Five9 announced that Dan Burkland would transition from the role of Executive Vice President, Go-to-Market Strategy to a consultant to Five9 on February 7, 2025.

243.    Defendants deny the allegations in paragraph 243 of the AC, except they admit that Five9 announced Barry Zwarenstein's anticipated March 31, 2025 retirement on February 20, 2025, and that Bryan Lee was appointed as interim Chief Financial Officer effective April 1, 2025.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                    Case No. 5:24-cv-08725-PCP

**H.     The Individual Defendants Repeatedly Spoke about Revenue, Bookings, and AI Capabilities, Which Wall Street Analysts Continuously Scrutinized, Further Supporting a Strong Inference of Scienter.**

244.     The Court dismissed Plaintiff's claims based on the allegations in subparagraph b) of paragraph 244 of the AC (*see* ECF No. 58 at 15-17), and thus no response is required for those allegations. To the extent a response is required, Defendants deny the allegations in subparagraph b) of paragraph 244 of the AC, except they admit that Five9 discussed artificial intelligence and its Interactive Virtual Agent in its February 21, 2024 Form 10-K. Defendants refer to that Form 10-K for its complete and accurate contents. Defendants otherwise deny the allegations in paragraph 244 of the AC, except they admit that they discussed "Revenue," "Macroeconomic" factors, and Annual Dollar-Based Retention Rate in their SEC filings. Defendants refer to those filings for their complete and accurate contents.

**I.     The Cloud Software Was the Company's Core Operation and Only Product, Further Supporting a Strong Inference of Scienter**

245.     Defendants refer to its SEC filings for their complete and accurate contents. Defendants otherwise deny the allegations in paragraph 245 of the AC, except they admit that Five9 discussed its cloud contact center software in its SEC filings.

**J.     Corporate Scienter**

246.     The allegations in paragraph 246 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 246 of the AC.

247.     The allegations in paragraph 247 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 247 of the AC.

248.     Except as expressly admitted below in connection with the response to each subparagraph of paragraph 248 of the AC, Defendants deny the allegations in paragraph 248 of the AC:

   a)  Defendants deny the allegations in subparagraph a) of paragraph 248 of the AC, except they admit the first two sentences in subparagraph a) of paragraph 248 of the AC and that Dan Burkland attended and participated in the February 21, 2024

40

earnings call and the June 4, 2024 Robert W. Baird & Co. Global Consumer, Technology & Services Conference.

b) Defendants deny the allegations in subparagraph b) of paragraph 248 of the AC, except they admit that Andy Dignan is the current President of Five9 and that he previously worked as Five9's Chief Operating Officer.

c) Defendants deny the allegations in subparagraph c) of paragraph 248 of the AC, except they admit that Bryan Lee worked at Five9 during the alleged Class Period.

d) Defendants deny the allegations in subparagraph d) of paragraph 248 of the AC, except they admit that Ari Klionsky worked at Five9 during the alleged Class Period and that Ari Klionsky occasionally attended E-Staff Meetings and presented sales to C-Suite executives.

e) Defendants deny the allegations in subparagraph e) of paragraph 248 of the AC, except they admit that Matt Tuckness worked at Five9 during the alleged Class Period.

f) Defendants deny the allegations in subparagraph f) of paragraph 248 of the AC, except they admit the first sentence in subparagraph f) of paragraph 248 of the AC and that Blake Nelson occasionally attended E-Staff Meetings.

g) Defendants deny the allegations in subparagraph g) of the AC, except they admit that Doug Dopita worked at Five9 during the alleged Class Period and that Doug Dopita occasionally attended E-Staff Meetings.

h) Defendants deny the allegations in subparagraph h) of paragraph 248 of the AC, except they admit the first sentence in subparagraph h) of paragraph 248 of the AC and that Nick Delis occasionally attended E-Staff Meetings.

249.    Defendants deny the allegations in paragraph 249 of the AC.

## VIII.    LOSS CAUSATION

250.    Defendants deny the allegations in paragraph 250 of the AC.

251.    Defendants deny the allegations in paragraph 251 of the AC.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                    Case No. 5:24-cv-08725-PCP

252.    Defendants deny the allegations in paragraph 252 of the AC, except they admit that Five9 reduced its revenue guidance during Five9's quarterly earnings call on August 8, 2024, and that Dan Burkland and Barry Zwarenstein spoke during this call. Defendants refer to the transcript from that earnings call for its complete and accurate contents.

253.    Defendants deny the allegations in paragraph 253 of the AC, except they admit that Five9's common stock price closed at $42.47 per share and $31.22 per share on August 8 and 9, 2024, respectively.

254.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 254 of the AC, and thus deny those allegations.

## IX.    CLASS ACTION ALLEGATIONS

255.    The allegations in paragraph 255 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 255 of the AC.

256.    The allegations in paragraph 256 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 256 of the AC.

257.    The allegations in paragraph 257 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 257 of the AC.

258.    The allegations in paragraph 258 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 258 of the AC.

259.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259 of the AC, and thus deny those allegations.

260.    The allegations in paragraph 260 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 260 of the AC.

## X.    INAPPLICABILITY OF STATUTORY SAFE HARBOR OR SPEAKS CAUTION DOCTRINE

261.    The allegations in paragraph 261 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 261 of the AC.

262.    The allegations in paragraph 262 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 262 of the AC.

263.    The allegations in paragraph 263 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 263 of the AC.

## XI.    PRESUMPTION OF RELIANCE

264.    The allegations in paragraph 264 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 264 of the AC concerning the employment of the securities analysts and whether and to what extent their reports were publicly available, and Defendants otherwise deny the allegations in paragraph 264 of the AC, except they admit that Five9's common stock trades on the NASDAQ, that Five9 filed periodic public reports with the SEC, and that securities analysts covered Five9's business.

265.    The allegations in paragraph 265 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 265 of the AC.

266.    The allegations in paragraph 266 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 266 of the AC.

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                    Case No. 5:24-cv-08725-PCP

## XII.    CLAIMS FOR RELIEF

### COUNT I
**For Violation of Section 10(b) of the Exchange Act and Rule 10b-5**
**Against All Defendants**

267.    Defendants repeat and incorporate each of the above responses as if fully set forth herein.

268.    Defendants deny the allegations in paragraph 268 of the AC.

269.    Defendants deny the allegations in paragraph 269 of the AC.

270.    Defendants deny the allegations in paragraph 270 of the AC.

271.    Defendants deny the allegations in paragraph 271 of the AC.

272.    Defendants deny the allegations in paragraph 272 of the AC.

273.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 273 of the AC, and thus deny those allegations. Defendants otherwise deny the allegations in paragraph 273 of the AC.

274.    The allegations in paragraph 274 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 274 of the AC.

275.    The allegations in paragraph 275 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 275 of the AC.

### COUNT II
**For Violation of Section 20(a) of the Exchange Act**
**Against the Individual Defendants**

276.    Defendants repeat and incorporate each of the above responses as if fully set forth herein.

277.    The allegations in paragraph 277 of the AC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 277 of the AC.

### XIII.   PRAYER FOR RELIEF

278.    Defendants deny that Plaintiff is entitled to the requested relief.

44

## XIV.  JURY DEMAND

279.    Plaintiff's jury demand is Plaintiff's characterization of its own allegations to which no response is required.

## AFFIRMATIVE DEFENSES

1.    As separate and distinct affirmative defenses, Defendants allege as follows. By alleging the matters set forth below as "Affirmative Defenses," Defendants do not thereby allege or admit that Defendants have the burden of proof or the burden of persuasion with respect to any of these matters. Furthermore, Defendants hereby give notice that they intend to rely upon such other further defenses and claims of avoidance as may become available or apparent during pretrial proceedings in this action and hereby reserve their rights to amend their Answer and assert all such defenses.

2.    This action is barred, in whole or in part, because the AC fails to state a claim upon which relief can be granted against Defendants.

3.    This action is barred, in whole or in part, because Defendants are immune from liability for certain statements complained of in the AC under the safe harbor provisions of the PSLRA, 15 U.S.C. § 78u-5, or the bespeaks caution doctrine, where certain statements were identified as forward-looking statements and accompanied by meaningful cautionary language or were made without actual knowledge of their falsity.

4.    This action is barred, in whole or in part, because certain statements complained of in the AC are non-actionable statements of puffery.

5.    This action is barred, in whole or in part, because certain statements complained of in the AC are non-actionable statements of opinion.

6.    This action is barred, in whole or in part, because the substance of the facts that Plaintiff alleges were misrepresented or omitted were actually publicly disclosed by Five9 and other third parties in sources that were publicly available to the investing community, including the documents referenced in the AC.

7.    This action is barred, in whole or in part, because Plaintiff or putative class members were comparatively or contributorily negligent in that they had actual knowledge of the facts alleged to have been misrepresented or omitted, such lack of knowledge was the product of Plaintiff's and

45

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                Case No. 5:24-cv-08725-PCP

putative class members' negligence, and this negligence was a cause-in-fact and proximate cause of any alleged damages.

8.    This action is barred, in whole or in part, because Plaintiff and other members of the putative class purchased the securities referenced in the AC with actual or constructive knowledge of the risks involved in an investment in Five9 securities, and the risks involved with Five9's business and operations, and thus assumed the risk that the value of the securities referenced in the AC would decline if such risks materialized.

9.    This action is barred, in whole or in part, because Defendants were not the actual or proximate cause of any injury to Plaintiff or members of the putative class or there are intervening and superseding causes of the alleged harm, if any, suffered by Plaintiff or putative class members.

10.    This action is barred, in whole or in part, because at all relevant times Plaintiff and members of the putative class did not rely on any material misrepresentations or omissions, or on the market price or on the integrity of the market as purportedly affected by any alleged misrepresentations or omissions, in purchasing Five9 securities.

11.    This action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because the requirements of Rule 23 are not met.

12.    This action is barred, in whole or in part, because Plaintiff and other members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

13.    This action is barred, in whole or in part, because Plaintiff and other members of the putative class have failed to mitigate damages and have failed to exercise due diligence in an effort to mitigate their damages (to which, in any event, they are not entitled).

14.    Any recovery for damages allegedly incurred by Plaintiff or putative class members, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who may have caused or contributed to Plaintiff's alleged damages, if any, pursuant to the proportionate liability provisions of the PSLRA, 15 U.S.C. § 78u-4(f)(3)(A).

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                    Case No. 5:24-cv-08725-PCP

15.    Any recovery for damages allegedly incurred by Plaintiff or putative class members, if any, is subject to offset, including but not limited to with respect to any tax benefits actually received by Plaintiff and putative class members through their investments.

16.    Any recovery for damages allegedly incurred by Plaintiff or putative class members, if any, is limited by the PSLRA's limitation on damages, 15 U.S.C. § 78u-4(e).

17.    With respect to Plaintiff's claims under Section 20(a) of the Securities Exchange Act of 1934, Michael Burkland and Barry Zwarenstein acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

DATED:        March 16, 2026

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:    _____
              */s/ Mark R.S. Foster*
              MARK R.S. FOSTER
              *Attorneys for Defendants*
              FIVE9, INC., MICHAEL BURKLAND, and
              BARRY ZWARENSTEIN

DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT                Case No. 5:24-cv-08725-PCP